## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-cv-22325-COOKE/O'SULLIVAN

RAMON E. RASCO, an individual,
ARMANDO J. GUERRA, an individual,

Plaintiffs,

vs.

W. KIRK WYCOFF, an individual,
HOWARD FEINGLASS, an individual, and
WAYNE K. GOLDSTEIN, an individual,

Defendants.

_____/

### ORDER OF REFERRAL AND
### ORDER REGARDING COURT PRACTICES AND PROCEDURES

THIS MATTER comes before the Court on the filing of a Complaint. To efficiently resolve this dispute, it is **ORDERED** as follows:

### I.   EXPEDITED SERVICE

It is **ORDERED** and **ADJUDGED** that, to expedite the processing of the action, Plaintiff will serve the Defendant with a copy of the summons and complaint **within 60 days of the date of this Order**. If Plaintiff is unable to do so, Plaintiff will provide an explanation to the Court as to the reason why Defendant has not been served within the allotted sixty days and will provide a detailed description of the attempts made to serve Defendant. Failure to comply with this Order may lead to immediate dismissal of this cause.

### II.   COUNSEL TO MEET AND FILE JOINT SCHEDULING REPORT

Within **45 days** of service upon Defendant, counsel will file a Joint Scheduling Report and Joint Proposed Scheduling Order pursuant to Local Rule 16.1(b)(2), with a complete service list containing the name, address, e-mail address, phone number, fax number, and party represented of each counsel.

Counsel for the Parties will meet **in person or telephonically** for a scheduling conference at least **21 days** prior to the date the above Joint Proposed Scheduling Order is due. At this conference, the Parties **will** accomplish the following: (1) determine the appropriate case management track for the action pursuant to Local Rule 16.1(a)(2); (2) develop a case

management plan which sets deadlines in compliance with paragraphs A, B, and C below; and (3) discuss settlement in good faith.

A. The Joint Scheduling Report will include all information required by the eleven subsections, (A) through (K), of Local Rule 16.1(b)(2). **Unilateral submissions are prohibited.**

B. As an attachment to the Parties' Joint Scheduling Report, and in Compliance with Local Rule 16.1(b)(2), the Parties will jointly complete *Attachment A* to this Order. The Parties will insert the specific day, month and year for each listed deadline that applies to the Parties' case management plan. In completing *Attachment A*, the Parties will take into consideration the suggested pretrial deadlines set out in *Attachment B* to this Order. If the Parties agree that one or more of the proposed deadlines (such as "expert witness deadlines") are not appropriate for this action, they may strike the language and omit that proposed deadline in *Attachment A*. The Parties' proposed dates **will** include: (1) **at least 17 weeks** between the deadline for all pretrial dispositive motions and the proposed trial date; and (2) **at least five weeks** between the deadline for the pretrial stipulation and the proposed trial date.

C. As part of the Joint Scheduling Report, the Parties will jointly complete and file with the Court the Magistrate Judge Jurisdiction Election Form appended to this Order as *Attachment C*. The Court will not accept unilateral submissions in this regard; thus, a "Yes" should be checked only if all Parties agree. If the Parties consent to a full disposition of the case by the Magistrate Judge, including trial and entry of final judgment, the Parties will jointly file the election form appended to this Order as *Attachment D*.

**Failure to file a joint scheduling report may result in dismissal, default, or the imposition of other sanctions, including attorneys' fees and costs.**

III. **DISCOVERY**

Discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and Southern District of Florida Local Rules (effective December 1, 2020), except that the deadlines under Local Rules 16.1 (d), (e), (h), (j), and (k), may be modified by further order of the Court.

**IV.** **MOTIONS, JOINT MOTIONS, MOTIONS TO DISMISS, AMENDED PLEADINGS, AND MOTIONS FOR SUMMARY JUDGMENT**

### 1. GENERAL INSTRUCTIONS

In addition to complying with Local Rule 7.1, any motion and accompanying memorandum of law *will not exceed a combined length of twenty pages*, all non-dispositive motions *must be accompanied by a proposed order*, and all motions, memoranda of law, proposed orders, and other documents created for the Court's review *will be uploaded from a PDF document created within MS Word* (and *not* from a scanned PDF document). Finally, motions, memoranda of law, proposed orders, and other documents created for the Court's review *must adhere to the following specifications*:

1. 12 pt. Calisto MT font;
2. One inch margins on all sides;
3. 1/2 inch tab setting;
4. 1.5 Line Spacing;
5. Full Justified;
6. Conforming to the exemplar order at *Attachment E* to this Order;
7. Filed electronically with the corresponding motion; and
8. In the case of proposed orders, e-mailed as a Microsoft Word (.doc) document to cooke@flsd.uscourts.gov. The subject line of the e-mail will include: (i) case number, (ii) case name, and (iii) docket entry number of the corresponding motion.

### 2. JOINT MOTIONS

**Multiple Plaintiffs or Defendants** will file **joint dispositive motions** with co-Parties unless there are **clear conflicts** of positions or grounds for relief.

### 3. MOTIONS TO DISMISS

The filing of a baseless motion to dismiss may result in sanctions, including an award of attorneys' fees. Should Defendant(s) file a motion to dismiss the complaint, **the Parties shall meet and confer within five (5) days of service of the motion to determine whether Plaintiff(s) can resolve the issue by amending the complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B)**. Any response in opposition to a motion to dismiss shall include a certification of compliance with this Order. Failure to meet and confer in good faith or otherwise comply with this order may result in sanctions, including dismissal of this action.

**Failure to comply with the foregoing requirements may result in the motion being denied without prejudice**.

4. **AMENDED PLEADINGS**

Amended pleadings shall be accompanied by a redline comparison of the original and amended pleading. A party need not file a redline comparison when amending as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

5. **MOTIONS FOR SUMMARY JUDGMENT**

The Parties shall file unredacted copies of all record evidence submitted in support of their respective motions for summary judgment. Moreover, the record evidence in support of such motions shall be filed through a single Notice of Filing that must be labeled, "Record Evidence In Support of [Insert Party's name]'s Motion for Summary Judgment". Further, the record evidence submitted through these notices of filing shall be specifically labeled so that it is absolutely clear to the Court from the text of the docket what documents are being submitted as record evidence. Meaning that the Deposition of John Smith, for example, shall be labeled as "Ex. A, Deposition of John Smith" on the docket as opposed to the generic and unhelpful "Ex. A". For purposes of resolving motions for summary judgment, the Court will only consider the evidence submitted in conformance with this Order. Therefore, should the Parties need to file documents under seal, then they must request leave of Court to do so well in advance of the deadline to file their respective motions for summary judgment.

V. **PHONE CALLS TO CHAMBERS**

1. The Parties **may not call** Chambers to ask about the status of pending motions, including motions for extension of time. The Court is aware of all pending motions and will address each of them in due course.

2. The Parties **may not call** Chambers if the information the Parties seek, or seek to provide, can be conveyed through a filing on the docket.

3. The Parties **may not call** Chambers if the information the Parties seek is available from other sources, including Court Orders and the Local Rules.

4. If the Parties do call Chambers for a **permissible purpose**, counsel for all affected Parties **must** be on the line. Calls from non-attorneys and *ex parte* calls will not be accepted.

## VI.  MEDIATION

The Parties must jointly select a mediator certified under Local Rule 16.2(b), and schedule a time, date, and place for mediation. In addition, the Parties must jointly file a proposed order scheduling mediation. If the Parties cannot agree on a mediator, they will notify the clerk in writing as soon as possible and the Clerk will designate a certified mediator on a blind rotation basis. Counsels for all Parties will familiarize themselves with and adhere to all provisions of Local Rule 16.2. The Parties will complete mediation at least 30 days prior to the calendar call.

## VII.  REFERRAL OF CASE TO MAGISTRATE JUDGE

This case is **REFERRED** to the Honorable John J. O'Sullivan, Chief United States Magistrate Judge for the Southern District of Florida, for appropriate resolution of all non-dispositive pretrial matters, as well as motions for attorney's fees and costs and motions for sanctions, in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B). *Motions in Limine and any motion affecting deadlines set by the Court's Scheduling Order are excluded from this referral, unless specifically referred by separate order.*

The Parties are notified that all subsequent pleadings bearing on matters referred to the Magistrate Judge will be so designated by setting forth beneath the case number the identity of the Magistrate Judge to which the matter has been referred and the date of the Order of Reference. Parties shall abide by Chief Magistrate Judge O'Sullivan's Discovery Procedures appended as *Attachment F* to this Order.

**DONE and ORDERED** in chambers, Miami, Florida, this 21st day of July 2021.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*John J. O'Sullivan, Chief U.S. Magistrate Judge*
*Counsel of record*

***Attachment A*: Pretrial Deadlines, Pretrial Conference and Trial Date**

_____        Joinder of parties and claims, and amendment of pleadings.

(INSERT DATES)

_____        Parties will furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed will be permitted to testify unless good cause is shown and there is no prejudice to opposing party. The parties are under a continuing obligation to supplement discovery responses within <u>ten days</u> of receipt or other notice of new or revised information.

_____        All <u>fact</u> discovery must be completed.

_____        Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the fourteen-day period thereafter, Plaintiff will make its experts available for deposition by Defendant.

_____        All dispositive *<u>and</u>* other pretrial motions not explicitly excluded by Local Rule 7.1(a)(1), and accompanying memoranda of law must be filed. A <u>minimum of 17 weeks</u> is required for the Court to review dispositive motions prior to filing of the joint <u>pretrial stipulation</u>. If <u>no</u> dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report.

_____        Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the fourteen-day period thereafter, Defendant will make its experts available for deposition by Plaintiff.

_____        All <u>expert</u> discovery must be completed.

_____        All <u>Daubert</u> and <u>Markman</u> motions and accompanying memoranda of law must be filed. *If a Daubert or Markman hearing is necessary, add that as an additional deadline at the bottom of Attachment A.*

_____        Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.)

_____        (a) <u>Joint</u> pretrial stipulation must be filed pursuant to Local Rule 16.1(e). The pretrial stipulation will include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists will be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists will identify the witness introducing each exhibit. The parties will meet at least one month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation. The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; and

(b) Joint Summary of Respective Motions *in Limine* must be filed. The Summary will contain a cover page providing the style of the case and an index of the motions *in limine*. The Summary will also include for each evidentiary issue: (*i*) a one page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties will work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation.

_____        Final proposed jury instructions (for jury trial) or findings of fact and conclusions of law (for bench trial) must be submitted. *(A courtesy copy will be submitted to chambers at cooke@flsd.uscourts.gov, in Microsoft Word format).* Each party's trial witness list, with one-sentence synopsis and time needed for direct and cross examination; proposed *voir dire* questions; and deposition designations.

_____        Trial Date.

*Attachment B*: Suggested Pretrial Deadlines

| | |
|---|---|
| 31 weeks prior to pretrial stipulation | Joinder of parties and claims, and amendment of pleadings. |
| 21 weeks prior to pretrial stipulation | Parties will furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed will be permitted to testify. |
| 18 weeks prior to pretrial stipulation | All <u>fact</u> discovery must be completed. |
| 16 weeks prior to pretrial stipulation | Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the fourteen-day period thereafter, Plaintiff will make its experts available for deposition by Defendant. |
| 17 weeks prior to pretrial stipulation | All dispositive pretrial motions and memoranda of law must be filed. A <u>minimum of 17 weeks</u> is required for the Court to review dispositive motion prior to filing of the <u>joint pretrial stipulation</u>. If <u>no</u> dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report. |
| 14 weeks prior to pretrial stipulation | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the fourteen-day period thereafter, Defendant will make its experts available for deposition by Plaintiff. |
| 12 weeks prior to pretrial stipulation | All <u>expert</u> discovery must be completed. If a *Daubert* or *Markman* hearing may be necessary, the parties are to add that as an additional deadline at the bottom of attachment A. |
| 11 weeks prior to pretrial stipulation | All *Daubert* and *Markman* motions and accompanying memoranda of law must be filed. If a *Daubert* or *Markman* hearing is necessary, the parties are to add that as an additional deadline at the bottom of attachment A. |
| 10 weeks prior to pretrial stipulation | Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.) |
| 5 weeks prior to the Friday before trial period | (a) <u>Joint</u> pretrial stipulation must be filed pursuant to Local Rule 16.1(e). The pretrial stipulation will include Plaintiff's non-binding breakdown of damages with corresponding amounts and other relief sought. The parties will meet at least one month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation. The Court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; and <br><br> (b) Joint Summary of Respective Motions *in Limine* must be filed. The Summary will contain a cover page providing the style of the case and an index of the motions *in limine*. The Summary will also include for each evidentiary issue: (*i*) a one page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties will work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation. |
| Friday before Calendar Call | Final proposed jury instructions (for jury trial) or findings of fact and conclusions of law (for bench trial) must be submitted. *(A courtesy copy will be submitted to chambers at cooke@flsd.uscourts.gov, in Microsoft Word format).* Each party's trial witness list, proposed *voir dire* questions, and deposition designations. |

*Attachment C*: Magistrate Judge Jurisdiction Election Form

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-cv-22325-COOKE/O'SULLIVAN

RAMON E. RASCO, an individual,
ARMANDO J. GUERRA, an individual,

Plaintiffs,

vs.

W. KIRK WYCOFF, an individual,
HOWARD FEINGLASS, an individual, and
WAYNE K. GOLDSTEIN, an individual,

Defendants.

_____/

### ELECTION TO JURISDICTION BY A UNITED STATES
### MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

1.   Motions for Costs              Yes _____   No _____

2.   Motions for Attorney's Fees    Yes _____   No _____

3.   Motions for Sanctions          Yes _____   No _____


_____   _____
(Date)         (Signature-Plaintiff's Counsel)


_____   _____
(Date)         (Signature-Defendant's Counsel)

*Attachment D*: Magistrate Judge Jurisdiction Election Form

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-cv-22325-COOKE/O'SULLIVAN**

RAMON E. RASCO, an individual,
ARMANDO J. GUERRA, an individual,

Plaintiffs,

vs.

W. KIRK WYCOFF, an individual,
HOWARD FEINGLASS, an individual, and
WAYNE K. GOLDSTEIN, an individual,

Defendants.

_____/

**ELECTION TO JURISDICTION BY**
**A UNITED STATES MAGISTRATE JUDGE FOR TRIAL**

       In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge conduct all further proceedings in the case, including trial, and entry of final judgment with respect thereto.

_____       _____
(Date)            (Signature-Plaintiff's Counsel)


_____       _____
(Date)            (Signature-Defendant's Counsel)

*Attachment E*: Exemplar Order

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-cv-22325-COOKE/O'SULLIVAN

RAMON E. RASCO, an individual,
ARMANDO J. GUERRA, an individual,

Plaintiffs,

vs.

W. KIRK WYCOFF, an individual,
HOWARD FEINGLASS, an individual, and
WAYNE K. GOLDSTEIN, an individual,

Defendants.

_____/

### TITLE OF ORDER

THIS MATTER is before the Court on the [Plaintiff/Defendant, insert name(s),] Motion for [insert motion title], [ECF No. (insert docket entry number)], filed [insert date].

The Court, having reviewed the Motion and being fully advised in the premises, hereby **ORDERS and ADJUDGES** as follows:

[Insert text of proposed judgment and order].

**DONE and ORDERED** in Chambers, Miami, Florida, this _day of [insert month] 20__.

_____
MARCIA G. COOKE
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*John J. O'Sullivan, Chief U.S. Magistrate Judge*
*Counsel of record*

*Attachment F*

## DISCOVERY PROCEDURE FOR
## CHIEF MAGISTRATE JUDGE JOHN J. O'SULLIVAN

The following discovery procedures apply to all civil cases assigned to United States District Judge Marcia G. Cooke.

If parties are unable to resolve their discovery disputes without Court intervention, Chief Magistrate Judge John J. O'Sullivan will set the matter for a hearing. Discovery disputes are generally set for hearings on Tuesdays and Thursdays in the 5th Floor Courtroom, United States Courthouse, 301 N. Miami Avenue, Miami, Florida.

If a discovery dispute arises, the moving party must seek relief within fifteen (15) days after the occurrence of the grounds for relief, by contacting Chief Magistrate Judge O'Sullivan's Chambers and placing the matter on the next available discovery calendar. Chief Magistrate Judge O'Sullivan's telephone number is (305) 523-5920.

After a matter is placed on the discovery calendar, the movant shall provide notice to all relevant parties by filing a Notice of Hearing. The Notice of Hearing shall briefly specify the substance of the discovery matter to be heard and include a certification that the parties have complied with the pre-filing conference required by Southern District of Florida Local Rule 7.1(a)(3). The parties shall attach to their Notice of Hearing any requests for production, requests for admission and interrogatories that are in dispute. Generally, no more than ten (10) minutes per side will be permitted.

No written discovery motions, including motions to compel and motions for protective order, shall be filed unless the parties are unable to resolve their disputes at the motion calendar, or unless requested by Chief Magistrate Judge O'Sullivan. It is the intent of this procedure to minimize the necessity of motions.

The Court expects all parties to act courteously and professionally in the resolution of their discovery disputes and to confer in an attempt to resolve the discovery issue prior to setting the hearing. If the parties resolve their dispute prior to the hearing, the parties shall immediately call Chambers to cancel the hearing. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is not being provided in good faith.